CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 07 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RAY LEE HOLLEY, JR., <br> Plaintiff, | Civil Action No. 7:08-cv-00629 |
| v. | **MEMORANDUM OPINION** |
| GENE JOHNSON, et al., <br> Defendant(s). | By: Hon. Glen E. Conrad <br> United States District Judge |

This matter is before the court upon plaintiff's motion for preliminary injunctive relief. Specifically, plaintiff asserts that the court should order defendants to provide him with the Common Fare Diet ("CFD") in keeping with his religious beliefs and should order defendants not to use ambulatory restraints for lengthy periods after inmates are accused of disruptive behavior, such as flooding one's cell and refusing to cover one's cell window according to policy. Upon review of the record, the court concludes that the motion must be denied.

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283 (4th Cir. 1980), citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977). The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir.1980).

1

The court does not find that the requisite exigencies exist in this case so as to warrant granting the requested, extraordinary relief. Plaintiff first submitted his application for the CFD at the end of January 2008. On the application, he states that his religious preference is "Nation of Gods and Earth," which he identifies as a sect of the Moorish Science Temple of America. He states that he was raised in this faith, but "really began to take my religion seriously 3 years ago." He states that he has never applied for or received the diet at any prior time during his incarceration in the VDOC, that he has been eating a vegetarian diet, and has participated in Ramadan on three previous occasions while in prison. He asserts that his religion requires adherents to avoid pork and foods that are processed or unnaturally grown.

The court makes no finding at this time as to the sincerity or the religious nature of Holley's stated belief that he should eat the type of diet provided by the CFD. However, since Holley has been satisfied for several years with eating from the vegetarian menu provided by the VDOC to all inmates, an order directing defendants to provide him with the CFD would represent a material change of the status quo before resolution of his claim as raised in this litigation: whether depriving him of the requested diet is in violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Accordingly, the court will deny the motion for interlocutory injunctive relief as to plaintiff's dietary claim. Plaintiff may expedite resolution of this issue by responding promptly once the defendants have been served and have responded to his complaint.

Holley also seeks interlocutory relief directing defendants to prohibit punitive use of ambulatory restraints. He states that he was placed in restraints for flooding his cell and covering his cell door window. He remained in restraints for 48 hours, in a stripped cell without clothing,

2

bedding, mattress, hygiene materials, toilet paper, and eating utensils. He claims that these detention conditions are pursuant to prison policy and he could again be subject to such conditions, causing him mental suffering and humiliation.

The court cannot find that these allegations indicate that repeated use of ambulatory restraints in the challenged manner is imminent. Plaintiff does not allege any likelihood that the use of the restraints is ordered routinely in response to other, less disruptive behavior or that he is likely to engage in the behavior which precipitated the use of the restraints in the incident he raises in his complaint. Moreover, as defendants already have a constitutional responsibility not to use excessive force in addressing inmate misconduct, plaintiff fails to demonstrate any likelihood that he will suffer irreparable harm without the requested injunction from the court regarding restraints. The court will deny the motion. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff and to the Office of the Attorney General of Virginia.

ENTER: This 7th day of January, 2009.

_____
United States District Judge